UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| CROSBY LAND AND RESOURCES, LLC | : | DOCKET NO. 11-cv-0084 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| JAMES C. ROW d/b/a TEXAS PRODUCERS ENERGY a/k/a TEXAS ENERGY PRODUCERS, LLC, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion to Transfer Case to the U.S. Bankruptcy Court for the Northern District of Texas filed by defendants TPE Tiger, LLC and Texas Producers Energy, LLC ("Defendants"). The motion is opposed by plaintiff, Crosby Land and Resources, LLC ("Plaintiff").

After considering defendants' motion and memorandum in support[1], plaintiff's memorandum in opposition,[2] and defendants' reply,[3] this court has determined that the Motion to Transfer should be GRANTED.

## BACKGROUND

On December 22, 2010, plaintiff filed suit in 36th Judicial District Court, Beauregard Parish, Louisiana, against defendants for declaratory judgment, damages, and other relief. Plaintiff seeks judgment declaring that an oil and gas lease between plaintiff, as lessor, and Sonoran Energy, Inc., as lessee, dated January 26, 2009, that was sold to defendants by court

---

[1] Doc. 6.
[2] Doc. 13
[3] Doc. 16.

1

order during the Sonoran Energy, Inc. bankruptcy proceeding terminated according to its terms prior to the sale.

By amended order of the Bankruptcy Court for the Northern District of Texas dated September 14, 2009, the subject lease was sold to defendants in a sale authorized under Sections 105, 363 and 365 of the Bankruptcy Code.[4] The court order states in part that "[p]ursuant to section 363(b) and (f) of the Bankruptcy Code, the Debtor is authorized to transfer the Assets to the Buyer and the Assets shall be transferred free and clear of Claims . . ."[5] The order further states, "[t]he Court retains jurisdiction to hear and determine all matters related to the implementation or interpretation of this Order."[6]

On January 25, 2011 defendants filed a Notice of Removal removing this case to the United States District Court for the Western District of Louisiana alleging jurisdiction under 28 U.S.C. § 1332, diversity, and alternatively under 28 U.S.C. § 1334(b) and 28 U.S.C. § 1452(a), jurisdiction relating to a bankruptcy proceeding. Defendants now file this motion to transfer the proceeding to the bankruptcy court.

Defendants argue first that the dispute over the viability of the sale of the subject lease is a "core proceeding" over which the bankruptcy court has jurisdiction and second that the bankruptcy court retained jurisdiction to hear this dispute involving it own order.

Plaintiff opposes the transfer asserting that the current proceeding is neither a "core proceeding" nor is it "related to" the former bankruptcy proceeding because the bankruptcy case was dismissed upon the debtor's motion and closed on January 15, 2010.

---

[4] The proceeding in which the order was issued is entitled *In re Sonoran Energy, Inc.*, Docket no. 09-33852, United States Bankruptcy Court, Northern District of Texas, Dallas Division.
[5] Doc. 1, Att. 4, p. 28 ¶ 7.
[6] Doc. 1, Att. 4, p. 31 ¶ 20.

## ANALYSIS

Section 157 of Title 28 *United States Code* addresses matters that a bankruptcy court may hear. It provides in pertinent part:

> (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.
>
> …
>
> (2) Core proceedings include, but are not limited to—
>
> …
>
> (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have filed claims against the estate;
>
> …

It is clear that the subject lease was sold to defendants by order of the bankruptcy court "free and clear of claims." Plaintiff's declaratory judgment now seeks to declare the lease invalid. Insofar as this current lawsuit potentially challenges the validity of the order of the Bankruptcy Court approving the sale of the lease, it is necessarily a "core proceeding" for which the bankruptcy court has jurisdiction under 28 U.S.C. 157. Bankruptcy courts retain jurisdiction to enforce their own orders. *In re Padilla,* 379 B.R. 643, 653 n.4 (Bankr.S.D. Tex. 2007) (citing *Koehler v. Grant,* 213 B.R. 567 (8th Cir. BAP 1997).

Further, even though the bankruptcy proceeding in which the lease was approved for sale is now closed, the court retains jurisdiction "over matters concerning interpretation and enforcement of court orders and other important substantive rights granted by the Bankruptcy Code." *In re Cano,* 410 B.R. 506, 546 (Bankr. S.D. Tex. 2009).

For these reasons, the Motion to Transfer Case to the U.S. Bankruptcy Court for the Northern District of Texas filed by defendants is GRANTED.

**IT IS ORDERED** that the above captioned matter be, and the same is hereby referred to the U.S. Bankruptcy Court for the Northern District of Texas pursuant to 28 U.S.C. § 157 and Local Rule 83.4.1.

**IT IS FURTHER ORDERED** that this Order shall be **STAYED** for a period of fourteen (14) days pending any appeal to the District Judge. If an appeal is taken to the District Judge, the Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the Clerk shall refer the action forthwith.

THUS DONE AND SIGNED at Lake Charles, Louisiana on the 23rd day of May, 2011.

_____
KATHLEEN KAY
United States Magistrate Judge