RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 7/14/11
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CROSBY LAND & RESOURCES, LLC** | : | **DOCKET NO. 2:11-0084** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **TPE, TIGER, LLC, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the court is "Plaintiff's Statement of Appeal of Magistrate Judge's Order Granting Defendants' Motion to Transfer Venue" (R.#18) wherein, plaintiff appeals the Magistrate Judge's ruling granting defendants' motion to transfer the instant case to the Bankruptcy Court for the Northern District of Texas.[1] For the following reasons, the undersigned affirms the ruling of the Magistrate Judge and will order the case to be transferred to the Bankruptcy Court for the Northern District of Texas.

### STATEMENT OF THE CASE

The instant case involves a Mineral and Oil Lease in Beauregard Parish. Plaintiff, Crosby Land & Resources, LLC filed suit in the 36th Judicial District Court, in Beauregard Parish and defendants removed the case to federal court under 28 U.S.C. § 1332 (diversity) and alternatively under 28 U.S.C. § 1334(b) and 28 U.S.C. § 1452(a).

On January 26, 2009, Crosby, as lessor, entered into an Oil and Gas Lease with Sonoran, Energy Inc., as lessee ("Sonoran"). The primary term of the lease was until March 27, 2009, and so

---

[1] R. #17. The Magistrate Judge further stayed the case pending an appeal to the undersigned.

long thereafter as a mineral was produced in paying quantities from the leased premises or the lease was maintained in any other manner provided for by the lease. It is alleged that Sonoran did not enter and establish production prior to March 27, 2009 as required by the terms of the lease. Thus, the lease automatically expired on March 28, 2009. The lease required Sonoran to release the lease in order to clear title. Sonoran has not released the lease.

On June 19, 2009, Sonoran filed for Chapter 11 bankruptcy. On September 15, 2009, by an amended order of the Bankruptcy Court ("Amended Sale Order"), the lease was sold or assigned to James C. Row d/b/a Texas Energy Producers, LLC ("TEP") in the Chapter 11 case.[2] Subsequent to the sale of the Lease, the Lease was assigned to to TPE Tiger, LLC.

Plaintiff complains that Paragraph 15 of the Lease required defendant to obtain prior written consent for the assignment. Plaintiff further complains that both sale and/or assignments are null and void because they were not executed until after both of these entities' charters were revoked by the State of Texas. Defendant, TPE, maintains that the Lease remains viable. Crosby filed the instant action for a judgment declaring (1) that the January 26, 2009 Lease between Crosby and Sonoran terminated according to its terms, (2) for liquidated damages, (3) that defendants have no right to the property, and (4) attorneys fees, legal interest and costs.

Pursuant to a motion to transfer venue to the Bankruptcy Court, the Magistrate Judge concluded that "[i]nsofar as this current lawsuit potentially challenges the validity of the order of the Bankruptcy Court approving the sale of the lease, it is necessarily a 'core proceeding' for which the

---

[2] The Bankruptcy Court also signed an order related to the sales on December 29, 2009 which clarified that several assets were intended to be excluded in the sale because they were non-producing wells. This lease was not included in those assets.

Bankruptcy Court has jurisdiction under 28 U.S.C.157."[3]  Judge Kay further noted that the Bankruptcy Court retained jurisdiction to enforce is own orders and it retained jurisdiction over matters concerning the interpretation and enforcement of court orders and other important substantive rights granted by the Bankruptcy Code. The Judge further granted the motion to transfer venue based on those findings.

## LAW AND ANALYSIS

Crosby complains that the Magistrate Judge erred in finding that the instant suit was a 'core proceeding' for which the bankruptcy court has jurisdiction under 28 U.S.C. § 157. Crosby argues that this suit arises solely under and is governed only by Louisiana law, and that the dispute has nothing to do with the Sonoran bankruptcy case. Crosby further remarks that the bankruptcy proceeding closed on January 15, 2010, thus this suit is not related to the former Sonoran bankruptcy case. Crosby also argues that the Lease was not a part of the debtor's estate because in effect it terminated prior to the debtor filing bankruptcy.

Defendants maintain that this suit is a core proceeding and that the Bankruptcy Court specifically retained jurisdiction to hear and determine all matters related to the implementation, enforcement or interpretation of the Amended Sale Order. Further, the Bankruptcy Court has jurisdiction to enforce its own orders and retains jurisdiction over matters concerning the interpretation and enforcement of court orders and other important substantive rights granted by the Bankruptcy Code. We agree.

28 U.S.C. § 157(b)(2)(N) provides that core proceedings include but are not limited to "orders approving the sale of property other than property resulting from claims brought by the estate

---

[3] R. #17, p. 3.

against persons who have not filed claims against the estate." Crosby is seeking a declaratory judgment that the Lease terminated prior to the court-ordered sale, and that defendants have no right to conduct operations on the subject Lease. Thus, as argued by defendants, the relief sought by Crosby directly impacts the validity of the sale and the lawsuit is a core proceeding for which the Bankruptcy Court has jurisdiction under 28 U.S.C. § 157.

Next, defendants maintain that this suit is a collateral attack on the Amended Sale Order. Defendants cite section 363(m) of the Bankruptcy Code which protects the reasonable expectations of good faith third-party purchasers and shields parties who rely upon the bankruptcy court's orders from endless litigation.[4] Defendants argue that is took good, clean title to the Lease free and clear of all liens, claims, interests and encumbrances and relied on the validity and finality of the Amended Sale Order. Thus, they argue that the validity of the sale should be heard by the Bankruptcy Court which issued the order. Furthermore, the order itself and the debtor's power to enter into the sale and alienate the property free and clear of all claims are core bankruptcy matters that should be heard by a bankruptcy court.[5] We agree and affirm the Magistrate's conclusion that this matter is a core proceeding which should be heard and decided by the Bankruptcy Court.

Crosby maintains that because the lease terminated prior to the debtor filing bankruptcy, the Lease should not be part of the estate and thus the validity of the lease is not within the jurisdiction

---

[4] Citing In re CHC Indus., Inc., 389 B.R. 7647, 774 (Bankr. M.D. Fla. 2007); In re Trism, Inc., 328 F.3d 1003, 1006 (8th Cir. 2003); In re Sax, 796 F.2d 994, 998 (7th Cir. 1986).

[5] See Matter of Korhumel Indus., Inc., 103 B.R. 917, 922 (N.D. Ill. 1989); see also In re Parker, 499 F.3d 616, 621-22 (6th Cir. 2007)("One cannot challenge the validity of a central element of a purchase. . .without challenging the validity of the sale itself.")(citations omitted) In re Staduim Mgmt. Corp., 895 F.2d 845, 847-48 (1st Cir. 1990)(rejecting party's argument that it was not attacking the sale itself but rather the assignment of the lease).

of the Bankruptcy Court or the mandates of section 363(m) of the Bankruptcy Court. Defendants cite several cases that are contrary to Crosby's position and have rejected Crosby's argument.[6] As such, we find no merit to Crosby's argument that the Lease is not part of the bankruptcy estate.

Defendants also contend that this lawsuit concerns the administration of a bankruptcy estate because it is requesting a ruling that the Lease was not property of the estate by arguing that it terminated prior to the inception of the Chapter 11 case even though it was purchased from the debtor in the Chapter 11 case. Defendants cite cases that have held that proceedings which involve a determination regarding property of the estate are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A).[7] We agree with defendants that this lawsuit concerns the administration of a bankruptcy estate and is a core proceeding of the Bankruptcy Court.

In their opposition memorandum, defendants point out several other jurisdictional bases found by Judge Kay that exist to support the transfer of Crosby's lawsuit. However, because we have concluded that this lawsuit is a core proceeding and should be transferred to the Bankruptcy Court and that the Magistrate Judge was correct in her findings, we find it unnecessary to further address these arguments for supporting the Bankruptcy Court's jurisdictional bases.

## CONCLUSION

For the reasons set forth above, the appeal of the magistrate decision is denied as we affirm

---

[6] In re Rare Earth Minerals, 445 F.3d 359, 364 (4th Cir. 2006); In re Sax, 796 F.2d 994, 997-98 (7th Cir. 1986); Weingarten Nostat, Inc. v. Serv. Merch. Co., Inc., 396 F.3d 737, 741 (6th Cir. 2005).

[7] In re Endeavour Highrise, L.P. 432 B.R. 583, 628 (Bankr.S.D.Tex. 2010); In re Raimondo, No. 05-51015(DHS) 2007 WL 2248068, at *1 (Bankr.D.N.J. July 31, 2007); In re Wren Assocs., Inc., 2004 WL 1746117 (Bankr.D.N.H. July 25, 2004); Schroeder v. New Century Holdings, Inc.,(Inre New Century Holdings, Inc.,) 387 B.R. 95, 105 (Bankr.D.Del. 2008).

5

her ruling granting the motion to transfer venue. Accordingly, the instant lawsuit will be transferred to the Bankruptcy Court for the Northern District of Texas.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of July, 2011.

                                                     JAMES T. TRIMBLE, JR.
                                                   UNITED STATES DISTRICT JUDGE